**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | | |
|---|---|---|
| **GREGORY B. LEGGETT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| -VS- | * | **CIVIL ACTION NO.:   CV517-__131_____** |
| | * | |
| **CSX TRANSPORTATION, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

**COMPLAINT FOR DAMAGES**

**GREGORY B. LEGGETT**, Plaintiff in the above-styled action, files this his Complaint for Damages and for compensatory and punitive damages against Defendant, **CSX TRANSPORTATION, INC**.

**I.   INTRODUCTION**

**-1-**

**GREGORY B. LEGGETT**, Plaintiff in the above-styled action, brings this action against Defendant, **CSX TRANSPORTATION, INC.**, to compensate him for damages and injuries suffered from discrimination on account of his race and religion at the hands of Defendant, its agents, and employees and to punish Defendant and its agents and employees for this wrong against him such that it will deter Defendant from subjecting others to such wrongful and egregious conduct.

**-2-**

**MR. LEGGETT** seeks to enforce his right to be free from discrimination on the basis of his race and religion as protected by Title VII of the Civil Rights Act of 1964, as amended, codified at

42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981; the Civil Rights Act of 1866, as amended, by the Civil Rights Restoration Act of 1991, codified at 42 U.S.C. § 1981a; 42 U.S.C. Section 1988; and state claims under the law of Georgia including intentional infliction of mental distress, battery, defamation, and negligent hiring.

**-3-**

**MR. LEGGETT** seeks monetary damages, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981; the Civil Rights Act of 1866, as amended, by the Civil Rights Restoration Act of 1991, codified at 42 U.S.C. § 1981a; 42 U.S.C. Section 1988; and state claims under the laws of Georgia including intentional infliction of mental distress, battery, defamation, and negligent hiring.

**-4-**

**MR. LEGGETT** demands a trial by jury.

## II.   JURISDICTION

**-5-**

**MR. LEGGETT** incorporates by reference and realleges Paragraph One (1) through Four (4) herein through this specific reference.

**-6-**

**MR. LEGGETT** invokes jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331and1343 to redress the unlawful deprivation of **MR. LEGGETT'S** rights secured, guaranteed and protected by federal law.

-7-

This Court may also exercise pendant jurisdiction over **MR. LEGGETT'S** state law claims arising under the case law, common law, and statutes of the State of Georgia, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

## III.   VENUE

-8-

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through Seven (7) herein through this specific reference

-9-

Venue properly lies before this Court pursuant to 28 U.S.C. §§ 1391(b).

-10-

The incidents and injuries suffered by **MR. LEGGETT** occurred in the Southern District of Georgia of the United States District Court.

-11-

At all times herein, **MR. LEGGETT** has resided in Waycross, Ware County, Georgia located in the Waycross Division of the United States District Court for the Southern District of Georgia. 28 U.S.C. §90(c)(4).

## IV.   PARTIES

-12-

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through Eleven (11) herein through this specific reference

**-13-**

A citizen of the United States, **MR. LEGGETT** resides in the State of Georgia, a state within the United States.

**-14-**

**MR. LEGGETT** is  a black male.

**-15-**

At all times herein, **MR. LEGGETT** has resided in Waycross, Ware County, Georgia.

**-16-**

 Waycross, Ware County, Georgia lies in the Waycross Division of the United States District Court for the Southern District of Georgia.  28 U.S.C. §90(c)(4).

**-17-**

**MR. LEGGETT** can bring actions of this type and nature.

**-18-**

Defendant **CSX TRANSPORTATION, INC.**, a foreign corporation, does business in Waycross, Ware  County, Georgia.

**-19-**

**MR. LEGGETT** currently works for Defendant.

**-20-**

Defendant can receive service in compliance with Rule 4 of the  Federal Rules of Civil Procedure (FRCP) and Rule 4.5 of the Local Rules of the United States District Court for the Southern District of Georgia (LR).

## V.  ADMINISTRATIVE PREREQUISITES

### -21-

**MR. LEGGETT**  incorporates by reference and realleges Paragraphs One (1) through Twenty (20) herein through this specific reference.

### -22-

**MR. LEGGETT** filed a timely charge with the Equal Employment Opportunity Commission (EEOC).

### -23-

**MR. LEGGETT** promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

### -24-

The EEOC issued **MR. LEGGETT** a right-to-sue letter dated June 30, 2017.

### -25-

Counsel for **MR. LEGGETT** has attached and incorporated into this Complaint as Exhibit "A" a copy of the right-to-sue-letter.

### -26-

**MR. LEGGETT** received the right to sue letter on or about July 5, 2017.

## V.  STATEMENT OF THE FACTS

### -27-

**MR. LEGGETT**  incorporates by reference and realleges Paragraphs One (1) through Twenty-six (26) herein through this specific reference.

-28-

**MR. LEGGETT** began his employment with Defendant on or about August 16, 2008.

-29-

**MR. LEGGETT** did not eat pork due to his religious beliefs as an Israelite.

-30-

A large contingent of Defendant's white employees assumed that any black person who abstained from pork consumption held membership in the Black Muslims and hated all white people.

-31-

Many of Defendant's white employees harassed **MR. LEGGETT** because these employees believed **MR. LEGGETT** held membership the Black Muslims and hated white people.

-32-

Defendant also knew that these same white employees harassed **MR. LEGGETT** due to his race.

-33-

Defendant did nothing about the racial harassment of **MR. LEGGETT** despite knowing about it.

-34-

Defendant knew of this harassment and did nothing about it.

-35-

Defendant knew that many of its white employees persecuted **MR. LEGGETT** relentlessly in the Defendant's plant's break room and other plant locations.

-36-

**MR. LEGGETT** is not a Muslim.

-37-

**MR. LEGGETT** suffered this harassment on account of his race and religion.

-38-

On or about November 17, 2016, as **MR. LEGGETT** bent to search through work uniforms, **RON DENNARD**, a white male employee of Defendant crept behind **MR. LEGGETT**, physically battered **MR. LEGGETT**, and knocked **MR. LEGGETT** to the floor, and tried to pin **MR. LEGGETT** to the floor, all without **MR. LEGGETT'S** consent.

-39-

Another Defendant employee witnessed this battery.

-40-

**MR. DENNARD** intended to seriously injure **MR. LEGGETT** in this assault.

-41-

**MR. DENNARD** knew that **MR. LEGGETT** had several prior back surgeries that compromised **MR. LEGGETT'S** health if assaulted.

-42-

This constituted a racially based battery on **MR. LEGGETT** by **MR. DENNARD**.

-43-

Defendant and its employees knew of **MR. DENNARD'S** propensity to use racial epithets against **MR. LEGGETT** and other black employees which included the word "n _ _ _ _ r."

-44-

Defendant and its employees know well **MR. DENNARD'S** opinion of black people as subhuman and otherwise unworthy of consideration as human beings.

-45-

Knowing this, Defendant not only did nothing, Defendant continued to retain **MR. DENNARD** as an employee.

-46-

**MR. DENNARD** claimed **MR. LEGGETT** started the altercation.

-47-

Defendant convened an investigation into this incident.

-48-

In a telephone conference with Defendant's labor relations representative, **MS. MUNDY**, **MS. MUNDY** asked **MR. LEGGETT** about being Muslim and hating all white people.

-49-

**MR. LEGGETT** explained that as an Israelite he considered it offensive for others to call him a Muslim.

-50-

**MR. LEGGETT** make it clear at work that **MR. LEGGETT** did not practice as a Muslim.

-51-

Despite this, many white employees continued to call **MR. LEGGETT** a Muslim and spread this falsity which damaged **MR. LEGGETT** at work.

-52-

As a result of this defamation, **MR. LEGGETT'S** reputation and physical body suffered at the hands of white employees like **MR. DENNARD** who made **MR. LEGGETT'S** life miserable as they insisted on calling **MR. LEGGETT** a Muslim and discriminate against **MR. LEGGETT** due to his religion and race.

-53-

**JAMES TURNER**, Defendant's manager over all Defendant's mechanical departments, facilitated another telephone meeting with **MR. LEGGETT**.

-54-

In this meeting **MR. LEGGETT** reported the continuing racial and religious harassment he had received.

-55-

**MR. TURNER**, declared that Defendant had zero tolerance for racial, religious, and violent incidents like this.

-56-

**MR. TURNER** suspended both **MR. LEGGETT** and **MR. DENNARD** with pay.

-57-

After serving a short time on suspension, Defendant returned **MR. LEGGETT** and **MR. DENNARD** to their jobs.

-58-

Defendant knew not only about this incident, Defendant knew of **MR. DENNARD'S** general disdain for black people and his willingness to spread racial discord at Defendant's plant.

**-59-**

Additionally, **MR. DENNARD** had also provoked another racial incident by calling **MR. LEGGETT** "racist" for not voting for then President-Elect Donald Trump.

**-60-**

Within days after this resolution of the battery incident with **MR. DENNARD**, Defendant's Assistant Plant Manager, **GUS THEOLE**, began racially harassing **MR. LEGGETT** in retaliation for **MR. TURNER** returning **MR. LEGGETT** to work with pay.

**-61-**

**MR. THEOLE** bore racial animus against **MR. LEGGETT** because **MR. TURNER** did not terminate **MR. LEGGETT**.

**-62-**

**MR. THEOLE** felt angry toward because **MR. LEGGETT**, a black man, did not get terminated for the incident with **MR. DENNARD**, a white man.

**-63-**

**MR. LEGGETT** had never had an disagreements with **MR. THEOLE**.

**-64-**

**MR. LEGGETT** did not know of any reason for **MR. THEOLE** to have any animosity toward **MR. LEGGETT**.

**-65-**

**MR. THEOLE** created false allegations against **MR. LEGGETT**.

**-66-**

After he created the manufactured allegations, **MR. THEOLE** would order **MR. LEGGETT** to write statements concerning these baseless allegations that someone said **MR. LEGGETT** had said something inappropriate.

**-67-**

At one point, **MR. LEGGETT** wrote four (4) statements in three (3) weeks at **MR. THEOLE'S** direction.

**-68-**

On or about January 21, 2017, Defendant's white male employees **DON HARRIS** and **REED MCDONALD** discussed the racial integration of neighborhoods after President Donald Trump's inauguration.

**-69-**

During the discussion, **MR. MCDONALD** pointed at **MR. LEGGETT**, a witness but not a participant to the discussion, and claimed that integrated neighborhoods became a problem because of "[black] people like you."

**-70-**

**MR. MCDONALD** said this in the presence of at least two (2) other white male Defendant employees.

**-71-**

One of the employee witnesses, **RICKY WILLIAMS**, a manager, did not report this.

-72-

A week and a half later **MR. THEOLE** called **MR. LEGGETT** into **MR. THEOLE'S** office.

-73-

**MR. THEOLE** falsely accused **MR. LEGGETT** of threatening violence against **MR. MCDONALD**.

-74-

**MR. LEGGETT** wrote yet another statement about.

-75-

**MR. LEGGETT** asked **MR. THEOLE** to forward the statement to Defendant's corporate headquarters in Jacksonville, Florida.

-76-

During this exchange, **MR. THEOLE** denied harboring racist thoughts and actions.

-77-

Another white male supervisor, **JIMMIE FLOWERS**, witnessed this exchange.

-78-

Defendant conducted yet another investigation.

-79-

In another incident, **MR. LEGGETT** and another black male employee, **ALBERT GRANT**, had a very minor disagreement at work.

-80-

**MR. LEGGETT** and **MR. GRANT** resolved the problem between them.

-81-

Despite the absence of a problem, **MR. THEOLE** called **MR. LEGGETT** in **MR. THEOLE'S** office regarding this.

-82-

**MR. FLOWERS** witnessed the meeting in the office.

-83-

**MR. LEGGETT** and **MR. THEOLE** exchanged contentious words.

-84-

**MR. THEOLE** had pressured **MR. GRANT** to write a false statement against **MR. LEGGETT** which **MR. GRANT** refused to do.

-85-

**MR. THEOLE** then went to the plant manager, a white male, **ROB HAGLEY** and asked **MR. HAGLEY** to come to **MR. THEOLE'S** office regarding the incident.

-86-

**MR. HAGLEY** refused to do anything about this.

-87-

**MR. LEGGETT** asked for the presence of his union representative, **TYLER BOATRIGHT**, a white male.

-88-

**MR. BOATRIGHT** saw evidence of racial discrimination on the part of Defendant's employees.

-89-

**MR. THEOLE** had failed to investigate **MR. LEGGETT'S** complaints while interrogating **MR. LEGGETT'S** supervisors for negative information to use against **MR. LEGGETT** to terminate **MR. LEGGETT**.

### III.  CLAIMS FOR RELIEF

### COUNT I

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### DISPARATE TREATMENT

-90-

**MR. LEGGETT**  incorporates by reference and realleges Paragraphs One (1) through Eighty-nine (89) herein through this specific reference

-91-

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven  (27) through Eighty-eight (88) herein as the basis for his claim for ; monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress, battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

-92-

The provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., authorize this claim for relief based upon the unlawful employment practices of Defendant.

-93-

Specifically, **MR. LEGGETT** complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon **MR. LEGGETT'S** race and religion.

-94-

During **MR. LEGGETT'S** employment with Defendant, Title VII protected **MR. LEGGETT** as a member of a class protected from race and religion based discrimination by his employer, Defendant, or by Defendant's supervisory personnel and employees.

-95-

Defendant allowed its employees to harass **MR. LEGGETT** based on his race and religion.

-96-

In allowing the harassment of **MR. LEGGETT**, Defendant treated **MR. LEGGETT**, a black male employee, in a disparate manner by subjecting him to illegal racial and religious discrimination and harassment which led to treatment of **MR. LEGGETT** in an unequal manner by subjecting him to racially and religiously offensive stereotypes, and placing him in constant fear of continuing mistreatment and even physical assault because of his race and religion.

-97-

At all relevant times, Defendant knew that the allegations against **MR. LEGGETT** had no basis in fact.

**-98-**

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-99-**

Furthermore, Defendant, its agents,   and employees intentionally and with reckless indifference, engaged in the above stated discriminatory practices against **MR. LEGGETT**, contrary to **MR. LEGGETT'S**  federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

**-100-**

Defendant's intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-101-**

Because Defendant engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S**  federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended.

**-102-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendants' deprivation of **MR. LEGGETT'S** civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended.

**-103-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**COUNT II**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**DISPARATE IMPACT**

**-104-**

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through One hundred three (103) herein through this specific reference

**-105-**

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C.

§1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress, battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

**-106-**

The provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, authorize this claim for relief based upon the unlawful employment practices of Defendant.

**-107-**

Specifically, **MR. LEGGETT** complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon **MR. LEGGETT'S** race and religion.

**-108-**

During **MR. LEGGETT'S** employment with Defendant, Title VII protected **MR. LEGGETT** as a member of a class protected from race and religion based discrimination by his employer, Defendant, or by Defendant's supervisory personnel and employees.

**-109-**

Defendant allowed its employees to harass **MR. LEGGETT** based on his race and religion.

**-110-**

In allowing the harassment of **MR. LEGGETT**, Defendant treated **MR. LEGGETT**, a black male employee, in a disparate manner by subjecting him to illegal racial and religious discrimination and harassment which led to treatment of **MR. LEGGETT** in an unequal manner by subjecting him to racially and religiously offensive stereotypes, and placing him in constant fear of continuing mistreatment and even physical assault because of his race and religion.

**-111-**

At all relevant times, Defendant knew that the allegations against **MR. LEGGETT** had no basis in fact.

**-112-**

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-113-**

Furthermore, Defendant, its agents, and employees intentionally and with reckless indifference, engaged in the above stated discriminatory practices against **MR. LEGGETT**, contrary to **MR. LEGGETT'S** federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

**-114-**

Defendant, its agents, and employees intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-115-**

Because Defendant engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S** federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended.

**-116-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendant, its agents, and employees deprivation of **MR. LEGGETT'S** civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended.

**-117-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**COUNT III**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**RETALIATION**

**-118-**

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through One hundred sixteen (115) herein through this specific reference

**-119-**

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional

infliction of emotional and mental distress, battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

**-120-**

The provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, authorize this claim for relief based upon the unlawful employment practices of Defendant.

**-121-**

Specifically, **MR. LEGGETT** complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon **MR. LEGGETT'S** race and religion.

**-122-**

During **MR. LEGGETT'S** employment with Defendant, Title VII protected **MR. LEGGETT** as a member of a class protected from race and religion based discrimination by his employer, Defendant, or by Defendant's supervisory personnel and employees.

**-123-**

Defendant allowed its employees to harass **MR. LEGGETT** based on his race and religion.

**-124-**

When **MR. LEGGETT** complained about this and reported it, Defendant and its employees made **MR. LEGGETT'S** life at work miserable.

**-125-**

When **MR. LEGGETT** returned to work, Defendant and its employees retaliated in earnest.

**-126-**

In allowing the harassment of **MR. LEGGETT**, Defendant treated **MR. LEGGETT**, a black male employee, in a disparate manner by subjecting him to illegal racial and religious discrimination and harassment which led to treatment of **MR. LEGGETT** in an unequal manner by subjecting him to racially and religiously offensive stereotypes, and placing him in constant fear of continuing mistreatment and even physical assault because of his race and religion.

**-127-**

At all relevant times, Defendant knew that the allegations against **MR. LEGGETT** had no basis in fact as **MR. LEGGETT**.

**-128-**

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-129-**

Furthermore, Defendant, its agents, and employees intentionally and with reckless indifference, engaged in the above stated discriminatory practices against **MR. LEGGETT**, contrary to **MR. LEGGETT'S** federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

**-130-**

Defendant, its agents, and employees' intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition

of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-131-**

Because Defendant engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S** federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

**-132-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendant, its agents, and employees' deprivation of **MR. LEGGETT'S** civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended.

**-133-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**COUNT IV**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**HOSTILE WORK ENVIRONMENT**

**-134-**

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through One hundred thirty-three (133) herein through this specific reference

**-135-**

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven  (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress,  battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

**-136-**

The provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., and 42 U.S.C. Section 1981 authorize this claim for relief based upon the unlawful employment practices of Defendant.

**-137-**

Specifically, **MR. LEGGETT** complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon **MR. LEGGETT'S** race and religion.

**-138-**

During MR. **LEGGETT'S** employment with Defendant, Title VII protected **MR. LEGGETT** as a member of a class protected from race based discrimination by her employer, Defendant, or by Defendant's supervisory personnel and employees.

-139-

During the relevant time, as a result of the desire to harass **MR. LEGGETT**, Defendant and its supervisors and employees demonstrated a racially and religiously prejudicial attitude toward **MR. LEGGETT** and against other black employees as shown by the treatment of **MR. LEGGETT** by Defendant's supervisors and employees which created a severe and pervasive atmosphere that altered the conditions of **MR. LEGGETT'S** and the other black employees' employment.

-140-

This pervasive attitude placed **MR. LEGGETT** and the other black employees in constant fear that they would face racial and religious harassment that would lead to termination.

-141-

During the relevant time, as a direct result of the racially and religiously hostile work environment created by Defendant and its supervisors to maintain a racially prejudicial attitude against **MR. LEGGETT** and other black employees as demonstrated by Defendant and its supervisory personnel and employees.

-142-

At all relevant times, Defendant knew that the allegations against **MR. LEGGETT** had no basis in fact.

-143-

Defendant's employment policies, procedures and practices, subjected **MR. LEGGETT** to unjust discrimination and deprivation of equal employment opportunities due to his race and religion.

**-144-**

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-145-**

Furthermore, Defendant, its supervisors, and employees intentionally and with reckless indifference, engaged in the above stated discriminatory practices against **MR. LEGGETT**, contrary to **MR. LEGGETT'S** federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

**-146-**

Defendant, its agents, and employees' intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-147-**

Because Defendant, its agents, and employees engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S** federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended.

**-148-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendant, its agents, and employees' deprivation of **MR. LEGGETT'S** civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended.

**-149-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**COUNT V**

**CIVIL RIGHTS ACT OF 1866**

**42 U.S.C. § 1981**

**-150-**

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through One hundred forty-nine (149) herein through this specific reference

**-151-**

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. 1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction

of emotional and mental distress, battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

-152

The provisions of Title VII of the Civil Rights Act of 1866, as amended and codified at 42 U.S.C. §1981 authorize this claim for relief based upon the unlawful and racially discriminatory employment practices of Defendant.

-153

Specifically, **MR. LEGGETT** complains of Defendant, its agents, and employees' violation of 42 U.S.C. §1981 prohibition against discrimination against a person by deprivation of that person's equal rights under the law, including employment discrimination based, in whole or in part, upon **MR. LEGGETT'S** race.

-154

During **MR. LEGGETT'S** employment with Defendant, 42 U.S.C. §1981 protected **MR. LEGGETT** as a member of a class protected from race based discrimination by his employer, Defendant, or by Defendant's supervisory personnel and employees.

-155-

Defendant's employment policies, procedures and practices, subjected **MR. LEGGETT** to unjust and intentional discrimination and deprivation of equal employment opportunities due to his race and religion.

-156-

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-157-**

Furthermore, Defendant, its supervisors, and employees intentionally and with reckless indifference, engaged in the above stated discriminatory practices against **MR. LEGGETT**, contrary to **MR. LEGGETT'S** federally protected rights as guaranteed to him under 42 U.S.C. §1981a.

**-158-**

Defendant's intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-159-**

Because Defendant, its agents, and employees engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S** federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under 42 U.S.C. §1981.

**-160-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendant, its agents, and employees' deprivation of **MR. LEGGETT'S** civil rights under 42 U.S.C. §1981a as amended.

-161-

MR. LEGGETT has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

## COUNT VI

## CIVIL RIGHTS ACT OF 1866

## 42 U.S.C. § 1981a

-162-

MR. LEGGETT incorporates by reference and realleges Paragraphs One (1) through One hundred sixty-one (161) herein through this specific reference

-163-

MR. LEGGETT incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress, battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

-164-

The provisions of 42 U.S.C. §1981a authorize this claim for relief based upon the unlawful and intentional racially discriminatory employment practices of Defendant.

**-165-**

Specifically, **MR. LEGGETT** complains of Defendant's violation of 42 U.S.C. §1981a prohibition against intentional discrimination in employment based, in whole or in part, upon **MR. LEGGETT'S** race.

**-166-**

During **MR. LEGGETT'S** employment with Defendant, 42 U.S.C. §1981a protected **MR. LEGGETT** as a member of a class protected from race based discrimination by his employer, Defendant, or by Defendant's supervisory personnel.

**-167-**

Defendant's employment policies, procedures and practices, subjected **MR. LEGGETT** to unjust and intentional discrimination and deprivation of equal employment opportunities due to his race and religion.

**-168-**

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-169-**

Furthermore, Defendant, its supervisors, and employees intentionally and with reckless indifference, engaged in the above stated discriminatory practices against **MR. LEGGETT**, contrary to **MR. LEGGETT'S** federally protected rights as guaranteed to him under 42 U.S.C. §1981a.

**-170-**

Defendant, its agents, and employees' intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-171-**

Because Defendant engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S** federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under 42 U.S.C. §1981a.

**-172-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendants' deprivation of **MR. LEGGETT'S** civil rights under 42 U.S.C. §1981a as amended.

**-173-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**COUNT VII**

**INTENTIONAL INFLICTION OF EMOTIONAL AND MENTAL DISTRESS**

**-174-**

**MR. LEGGETT** incorporates by reference and realleges Paragraphs One (1) through One hundred seventy-three (173) herein through this specific reference.

-175-

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven  (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress,  battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

-176-

Specifically, **MR. LEGGETT** complains of Defendant's  violation of **MR. LEGGETT'S** right to be free from the intentional infliction of emotional distress.

-177-

The intentionally created racially and religiously hostile work environment, the knowingly false allegations of being a Muslim, the constant seeking of **MR. LEGGETT'S** job, the constant harassment, and all the other things done by Defendant, its supervisors, and employees were outrageous and extreme.

-178-

**MR. LEGGETT** suffered emotional distress from the actions of Defendant, its supervisors, and employees.

**-179-**

Defendant, its agents, and employees acted intentionally and in reckless disregard for the rights of **MR. LEGGETT**, took actions designed to humiliate, embarrass, frighten, or outrage **MR. LEGGETT**, and caused **MR. LEGGETT** mental suffering.

**-180-**

The intentionally inflicted emotional distress to which Defendant, its agents, and employees subjected **MR. LEGGETT**, caused him  to suffer great physical pain, mental anguish, public scandal, infamy, disgrace, and great humiliation.

**-181-**

Defendant, its agents, and employees exhibited a general and total disregard of any and all of **MR. LEGGETT'S** rights without regard to the extent of any injury that **MR. LEGGETT** might suffer by its wrongful acts.

**-182-**

As a direct and proximate result of Defendant, its supervisors, and employees' deprivation of **MR. LEGGETT'S** constitutional and other rights protected by state law,  **MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

**-183-**

Defendant's intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct  warranting the imposition of punitive/exemplary

damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-184-**

Because Defendant, its agents, and employees engaged in discriminatory employment practices with malice or with reckless indifference to MR. **LEGGETT'S** federally protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages,  in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended, 42 U.S.C. §1981, 42 U.S.C. §1981a, and under state law.

**-185-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering,  ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00**).

**COUNT VIII**

**DEFAMATION**

**-186-**

**MR. LEGGETT**  incorporates by reference and realleges Paragraphs One (1) through One hundred eighty-five (185) herein through this specific reference

**-187-**

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven  (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e, *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress, battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

**-188-**

Defendant and its supervisors and employees, such as **MR. DENNARD**, to continue to spread the untrue allegation of **MR. LEGGETT'S** status as a Muslim.

**-189-**

Knowing the racial climate at its plant, Defendant and its supervisors and supervisors spread the falsity of **MR. DENNARD'S** membership in the Muslims to cause **MR. LEGGETT** significant problems at the plant.

**-190-**

Defendant, its supervisors, and employees made these false allegations with the intent of harming **MR. LEGGETT** in his profession and calculated to injure him in his profession.

**-191-**

At all relevant times, Defendant, its supervisors, and employees knew that the allegations against **MR. LEGGETT** had no basis in fact.

**-192-**

Defendant's employment policies, procedures and practices, subjected **MR. LEGGETT** to unjust discrimination and deprivation of equal employment opportunities due to his race and religion.

**-193-**

Defendant and its supervisors, and employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-194-**

Defendant and its supervisors, and employees' intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-195-**

Because Defendant, its agents, and employees engaged in discriminatory employment practices with malice or with reckless indifference to **MR. LEGGETT'S**  federally and state protected rights, **MR. LEGGETT** has entitlement to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended, 42 U.S.C. §1981, 42 U.S.C. §1981a, and under state law.

**-196-**

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering,  ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)**.

## COUNT IX

## NEGLIGENT RETENTION

**-197-**

**MR. LEGGETT**  incorporates by reference and realleges Paragraphs One (1) through One hundred ninety-six (196) herein through this specific reference

**-198-**

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven  (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress,  battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

**-199-**

Defendant and its supervisors and employees knew of **MR. DENNARD'S** propensity to use racial epitaphs against **MR. LEGGETT** and other black employees which included the word "n _ _ _ _ r."

**-200-**

Defendant and its employees know well **MR. DENNARD'S** opinion of black people as subhuman and otherwise unworthy of consideration as human beings.

**-201-**

Knowing this, Defendant not only did nothing, Defendant continued to retain **MR. DENNARD** as an employee when Defendant should have dismissed **MR. DENNARD**.

**-202-**

Defendant's employment policies, procedures and practices, subjected **MR. LEGGETT** to unjust and intentional discrimination and deprivation of equal employment opportunities due to his race and religion.

**-203-**

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

**-204-**

Defendant, its agents, and employees' intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

**-205-**

The injuries suffered by **MR. LEGGETT** resulted directly and proximately from Defendant's negligent retention of **MR. DENNARD**.

-206-

**MR. LEGGETT** has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering,  ridicule, embarrassment, and undue stress in an amount not less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00**).

## COUNT X

## BATTERY

-207-

**MR. LEGGETT**  incorporates by reference and realleges Paragraphs One (1) through Two hundred six (206) herein through this specific reference

-208-

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Twenty-seven  (27) through Eighty-eight (88) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress,  battery, defamation, and negligent hiring cited there and elsewhere in this Complaint.

-209-

Defendant and its supervisors and employees knew of **MR. DENNARD'S** propensity to use racial epitaphs against **MR. LEGGETT** and other black employees which included the word "n _ _ _ _ r."

-210-

Defendant and its employees know well **MR. DENNARD'S** opinion of black people as subhuman and otherwise unworthy of consideration as human beings.

-211-

Knowing this, Defendant not only did nothing, Defendant continued to retain **MR. DENNARD** as an employee when Defendant should have dismissed **MR. DENNARD**.

-212-

Defendant's employment policies, procedures and practices, subjected **MR. LEGGETT** to unjust and intentional discrimination and deprivation of equal employment opportunities due to his race and religion.

-213-

**MR. DENNARD'S** retention unreasonably subjected MR. LEGGETT not only to verbal racial and religious abuse, but to physical abuse as well.

-214-

It was totally foreseeable that someone with the mentality of **MR. DENNARD** could resort to racial violence if allowed to remain around person to whom **MR. DENNARD** has already express racial disdain.

-215-

Defendant's and its employees' conduct directly and proximately caused the injuries, damages and harm suffered by **MR. LEGGETT**.

-216-

MR. DENNARD'S offensive attack on MR. LEGGETT came without consent or permission.

-217-

Defendant, its agents, and employees' intentional and discriminatory conduct constituted willful, wanton, deliberate, malicious, egregious and outrageous conduct warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

-218-

The injuries suffered by MR. LEGGETT resulted directly and proximately from Defendant's negligent retention of MR. DENNARD.

-219-

MR. LEGGETT has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, pain and suffering, ridicule, embarrassment, and undue stress in an amount not less than THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

COUNT XI

ATTORNEY FEES

CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976

42 U.S.C. §1988

-220-

MR. LEGGETT  incorporates by reference and realleges Paragraphs One (1) through Two hundred nineteen (219) herein through this specific reference.

-221-

**MR. LEGGETT** incorporates by reference and realleges the allegations contained in Paragraphs Fourteen (14) through Fifty-eight (58) herein as the basis for his claim for monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorneys' fees and costs, pursuant to; the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1985; 42 U.S.C. §1983; attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at as amended and codified at 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress.

-222-

Should **MR. LEGGETT** prevail, he seeks attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988.

## VII.  RELIEF REQUESTED

The conduct of the above-named Defendant, as set forth herein, in violating **MR. LEGGETT** rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981; 42 U.S.C. §1981a and 42 U.S.C. §1988; and state claims under the law of Georgia including the intentional infliction of emotional and mental distress,  battery, defamation, and negligent hiring cited there and elsewhere in this Complaint, caused injuries, damages and harm to **MR. LEGGETT**, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses, compensatory and punitive damages; and attorneys fees and costs,

**WHEREFORE**, **GREGORY B. LEGGETT**, Plaintiff in the above-styled action, requests judgment and damages against Defendant **CSX TRANSPORTATION, INC.** as follows:

a) Find and hold as to Count I that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT** right to be free from employment discrimination as manifested in desperate treatment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*;

b) Find and hold as to Count II that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT** right to be free from employment discrimination as manifested in desperate impact under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*;

c) Find and hold as to Count III that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees violation of **MR. LEGGETT** right to be free from employment discrimination as manifested in retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*;

d) Find and hold as to Count IV that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees violation of **MR. LEGGETT** right to be free from employment discrimination as manifested in hostile work environment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*;

e) Find and hold as to Count V that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT'S** right to be free from discrimination under 42 U.S.C. §1981;

f)      Find and hold as to Count VI that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT'S** right to be free from discrimination under 42 U.S.C. §1981a;

g)      Find and hold as to Count VII, that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT'S** right to be free from the intentional infliction of emotional and mental distress under Georgia law;

h)      Find and hold as to Count VIII, that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT'S** right to be free from defamation under Georgia law;

i)      Find and hold as to Count IX, that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT'S** right to be free from Defendant's negligent retention of **MR. DENNARD** under Georgia law;

j)      Find and hold as to Count X that **MR. LEGGETT** has suffered from Defendant, its supervisors, and employees' violation of **MR. LEGGETT'S** right to be free from battery under Georgia law;

k)      Grant **MR. LEGGETT** an award of punitive damages, as to Count I, in an amount to be determined by a jury;

l)      Grant **MR. LEGGETT** an award of punitive damages, as to Count II, in an amount to be determined by a jury;

m)      Grant **MR. LEGGETT** an award of punitive damages, as to Count III, in an amount to be determined by a jury;

n)      Grant **MR. LEGGETT** an award of punitive damages, as to Count IV, in an amount to be determined by a jury;

o)      Grant **MR. LEGGETT** an award of punitive damages, as to Count V, in an amount to be determined by a jury;

p)      Grant **MR. LEGGETT** an award of punitive damages, as to Count VI, in an amount to be determined by a jury;

q)      Grant **MR. LEGGETT** an award of punitive damages, as to Count VII, in an amount to be determined by a jury;

r)      Grant **MR. LEGGETT** an award of punitive damages, as to Count VIII, in an amount to be determined by a jury;

s)      Grant **MR. LEGGETT** an award of punitive damages, as to Count IX, in an amount to be determined by a jury;

t)      Grant **MR. LEGGETT** an award of punitive damages, as to Count X, in an amount to be determined by a jury;

u)      Award **MR. LEGGETT** reasonable attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976,  as amended and codified at 42 U.S.C. §1988 against Defendants; and

v)      Grant any and such other and further relief as is just and proper under the circumstances of this case.

**PLAINTIFF GREGORY B. LEGGETT DEMANDS A TRIAL BY JURY**

Respectfully submitted this 28th day of September, 2017.

/s/James A. Yancey, Jr.
JAMES A. YANCEY, JR.
Attorney for Gregory B. Leggett
Georgia State Bar No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\A-L\EMPLOYMENT\A-L\2017\LEGGETT-C.CVR\M-Z\
PLEADINGS\LEGGETT\COMPLAINT FOR DAMAGES